UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALVIN LANUS  (#461980)

VERSUS                                                                           CIVIL ACTION

ALVIN JONES, ET AL                                                     NUMBER 09-712-RET-DLD

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on February 8, 2010.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ALVIN LANUS  (#461980)

VERSUS                                                         CIVIL ACTION

ALVIN JONES, ET AL                                   NUMBER 09-712-RET-DLD

MAGISTRATE JUDGE'S REPORT

Before the court is the application of petitioner Alvin Lanus for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

Petitioner was found guilty of one count manslaughter in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, Louisiana on December 3, 2002.  Petitioner was sentenced to 20 years imprisonment at hard labor in the custody of the Louisiana Department of Corrections.

Petitioner's conviction and sentence were affirmed on appeal.  *State of Louisiana v. Lanus*, 2007-884 (La. App. 1st Cir. 11/2/07) (unpublished opinion) . Petitioner's application for supervisory review was denied by the Louisiana Supreme Court.  *State ex  rel. Alvin Lanus v. State of Louisiana*, 2008-43 (La. 10/3/08), 992 So.2d 1004.

On January 7, 2009, the petitioner filed an application for post-conviction relief in the trial court asserting a single ground for relief: he received ineffective assistance of counsel.

On July 6, 2009, the trial court denied relief.  Petitioner did not seek review by the appellate court.

Petitioner filed his federal habeas corpus application on August 28, 2009.  Petitioner raised the following grounds for relief: (1) he was denied effective assistance of counsel and, (2) he was denied the right to appeal in violation of his due process rights.

No evidentiary hearing is required. Petitioner's claims are technically exhausted but procedurally defaulted.

Section 2254(d) of Title 28 of the United States Code provides as follows:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Section 2254(e)(1) provides as follows:

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Subsection (d)(2) of § 2254 applies to a state court's factual determination. It bars federal court relief unless the state court adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence." Subsection (d)(1) provides the standard of review for questions of law and mixed questions of law and fact. *Drinkard v. Johnson*, 97 F.3d 751, 767-68 (5th Cir. 1996), *cert. denied*, 520 U.S. 1107, 117 S.Ct. 1114 (1997).

The second clause of subsection (d)(1) refers to mixed questions of law and fact because it speaks of an "unreasonable application of ... clearly established Federal law." When the issue before the court is a mixed question of law and fact, the court may grant relief only if it determines that the state court decision rested on "an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court," to the facts of the case. The first clause of subsection (d)(1) refers to questions of law. When the issue raised involves a purely legal question, the court may grant relief only if it determines that a state court's decision rested on a legal

2

determination that was "contrary to...clearly established Federal law, as determined by the Supreme Court." *Id.*

Technically Exhausted But Procedurally Defaulted Claims

Although the petitioner presented his ineffective assistance of counsel claim to the district court in his post-conviction relief application, the claims were not raised in writs to the Louisiana First Circuit Court of Appeal or the Louisiana Supreme Court. In addition, the petitioner did not present his denial of appeal claim to any court prior to raising the claim in his federal habeas corpus application.

Although the petitioner has not presented these claims in a procedurally proper manner in accordance with state procedural rules, he has technically exhausted his state court remedies as to these claims. However, the claims are procedurally defaulted and cannot be considered by this court.

Congress provided that the writ of habeas corpus shall not be granted unless the petitioner has exhausted all remedies available in the court of the state that exercised custody over the petitioner. 28 U.S.C. § 2254(b). Generally, the exhaustion requirement is satisfied if a claim has been presented once to the state's highest court. *Carter v. Estelle*, 677 F.2d 427, 442 n. 10 (5th Cir.), *modified on other grounds*, 691 F.2d 777 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508 (1983); see generally *Richardson v. Procunier*, 762 F.2d 429, 430-32 (5th Cir. 1985).

To demonstrate compliance with the exhaustion requirement, a habeas applicant must show that the federal claim he asserts in federal court has been "fairly presented" to the state courts. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512 (1971). Generally, the habeas applicant must present his claims before the state courts in a procedurally proper manner according to the rules of the state courts. *Dupuy v. Butler*, 837 F.2d 699 (5th Cir. 1988).

Although claims are considered to be "technically" exhausted when state relief is no longer available, without regard to whether the claims were actually exhausted by presentation to the state

3

courts, *Coleman v. Thompson*, 501 U.S. 722, 731-33, 111 S.Ct. 2546 (1991), if a petitioner "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would find the claims procedurally barred,'" then the claim is procedurally defaulted. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845 (1998) (quoting *Coleman*, 501 U.S. at 735 n.1, 111 S.Ct. 2546).

Petitioner's unexhausted claims are "technically exhausted because, and only because, petitioner allowed his state law remedies to lapse without presenting his claims to the state courts." *Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998) (internal citation and quotation omitted).

Petitioner's technically exhausted claims would be barred from consideration in a post-conviction relief application by Louisiana Code of Criminal Procedure Article 930.8. This provision of Louisiana law fixes a time limit of two years after the judgment of conviction and sentence has become final within which to file an application for post-conviction relief. Although the statute contains four exceptions, none of those exceptions apply in this case, and the petitioner has not offered any evidence or argument supporting the application of any exception.

When a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750, 111 S.Ct. at 2565. Reliance upon Article 930.8 has been held to be a valid procedural bar. *Glover v. Cain*, 128 F.3d 900 (5th Cir. 1997).

Petitioner has not shown cause for his procedural default, or actual prejudice resulting from it. Nor has the petitioner made a showing to support a claim of factual innocence. This court is barred from considering the petitioner's technically exhausted claims.

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the petitioner's application for habeas corpus relief be denied.

Signed in Baton Rouge, Louisiana, on February 8, 2010.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**